# Exhibit A

127638 HLN/la

IN THE COURT OF COMMON PLEAS

SUMMIT COUNTY, OHIO

| | |
|---|---|
| GRANGE MUTUAL CASUALTY CO.<br>6785 Telegraph Road, Suite 400<br>Bloomfield Hills, MI 48301<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SPECTRUM BRANDS PET, LLC<br>c/o Corporate Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215<br><br>and<br><br>UNITED PET GROUP, INC.<br>c/o Corporation Service Company as<br>Statutory Agent of Spectrum Brands, Inc.<br>251 Little Falls Drive<br>Wilmington, Delaware 19808,<br><br>and<br><br>JOHN DOE MANUFACTURER CO., INC.<br>True name and address unknown,<br><br>and<br><br>PETSMART, LLC<br>c/o Corporate Creations Network Inc.<br>119 E. Court St.<br>Cincinnati, Ohio 45202,<br><br>and<br><br>JOHN DOE SUPPLIER CO., INC.<br>True name and address unknown,<br><br>　　　　Defendants. | CASE NO.:<br><br>JUDGE:<br><br><br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT** |

Page **1** of **4**

1. At all times material herein, Plaintiff Grange Mutual Casualty Company was the insurer, assignee, and subrogee of Frank and Sharon Castros, who were the owners of property located at 248 Monroe Avenue in Cuyahoga Falls, Ohio.

2. At all times material herein, Defendant Spectrum Brands Pet, LLC (hereinafter "Spectrum Brands") was engaged in the business of designing, manufacturing, maintaining, assembling, testing, inspecting, marketing, labeling, packaging, distributing, supplying, and/or selling of aquarium heaters sold as Marineland Stealth and Stealth Pro (hereinafter "aquarium heater") owned by Plaintiff insureds.

3. At all times material herein, Defendant United Pet Group, Inc. (hereinafter "United Pet") was engaged in the business of designing, manufacturing, maintaining, assembling, testing, inspecting, marketing, labeling, packaging, distributing, supplying, and/or selling of aquarium heaters sold as Marineland Stealth and Stealth Pro (hereinafter "aquarium heater") owned by Plaintiff insureds.

4. At all times material herein, Defendant PetSmart, LLC (hereinafter "PetSmart") was also engaged in the business of designing, manufacturing, maintaining, assembling, testing, inspecting, marketing, labeling, packaging, distributing, supplying, and/or selling of aquarium heaters sold as Marineland Stealth and Stealth Pro (hereinafter "aquarium heater") owned by Plaintiff insureds.

5. At all times material herein, Defendant John Doe Manufacturer Co., Inc. was also engaged in the business of designing, manufacturing, maintaining, assembling, testing, inspecting, marketing, labeling, packaging, distributing, supplying, and/or selling of aquarium heaters sold as Marineland Stealth and Stealth Pro (hereinafter "aquarium heater") owned by Plaintiff insureds.

6. Defendant Spectrum Brands and/or Defendant United Pet and/or Defendant John Doe Manufacturer Co., Inc. designed and manufactured the aquarium heater, and was a manufacturer which places its products in the stream of commerce in the State of Ohio.

7. Defendant John Doe Manufacturer Co., Inc. is a business that has no connection to the state of Ohio and is not subject to the jurisdiction of this Court.

8. Prior to May 23, 2019, Defendant PetSmart and/or Defendant John Doe Supplier Co., Inc. sold an aquarium heater to Plaintiff insureds.

9. On or about May 23, 2019, Plaintiff's insureds returned home from work and discovered the aquarium heater had failed and caused fire damage to Plaintiff insureds' property in the amount of $142,483.94.

10. The damage to Plaintiff insureds' property was the direct and proximate result of the failure of the aquarium heater.

11. As a direct and proximate result of the failure of the aquarium heater, Plaintiff insureds' real property was damaged and required repair and/or replacement in the amount of $63,241.80; Plaintiff insureds' personal property was damaged and required repair and/or replacement in the amount of $61,513.75; and Plaintiff insureds incurred additional living expenses in the amount of $17,228.39.

12. Pursuant its policy of insurance with its insureds, Plaintiff was required to and did make payments to and/or on behalf of its insureds for the aforementioned damages in the amount of $142,483.94, subject to a $500.00 deductible, and became subrogated to said amount.

13. Defendant Spectrum Brands and/or Defendant United Pet and/or Defendant John Doe Manufacturer Co., Inc. was the "Manufacturer" of the aquarium heater as defined in the Ohio Revised Code § 2301.71(A)(9), which defines "Manufacturer" as a "person engaged in a business to design, formulate, produce, create, make, construct, assemble, or rebuild a product or a component of a product."

14. Defendant PetSmart, Inc. and/or Defendant John Doe Supplier Co., Inc. and/or Defendant Spectrum Brands and/or Defendant United Pet was the "Supplier" of the Fish Tank as defined in the Ohio Revised Code § 2307.71(A)(15) which defines a "Supplier" as a "person that in the course of a business conducted for the purpose sells, distributes, leases, prepares, blends, packages, labels, or otherwise participates in the placing of a product in the stream of commerce."

15. An aquarium heater is a "product" as defined in Ohio Revised Code § 2307.71(A)(12).

16. The aquarium heater was the subject of a recall and a known fire hazard by Defendants, who failed to take reasonable steps to inform Plaintiffs' insured of said recall and known fire hazard.

17. Defendant Spectrum Brands and/or Defendant United Pet and/or Defendant John Doe Manufacturer Co., Inc. designed and Defendant PetSmart, Inc. and/or Defendant John Doe Supplier Co., Inc supplied Plaintiff insureds with an aquarium heater that was placed into the stream of commerce in a defective condition, causing fire damage.

18. Plaintiff insureds were the ultimate users or consumers of the aquarium heater.

19. Plaintiff insureds did not materially alter or change the aquarium heater from the time that it left the hands of Defendant Spectrum Brands and/or Defendant United Pet and/or Defendant John Doe Manufacturer Co., Inc. and/or Defendant PetSmart, Inc. and/or Defendant John Doe Supplier Co., Inc.

20. The aquarium heater was defective in manufacture and/or construction as defined by the Ohio Revised Code § 2307.75 in that at the time it left the control of its manufacturer, the foreseeable risks associated with its design or formulation exceeded the benefits associated with that design or formulation of the aquarium heater i.e. a defect free aquarium heater does not catch fire.

Page **3** of **4**

21. The aquarium heater was defective due to inadequate warning or instruction as described in Ohio Revised Code § 2307.76.

22. The aquarium heater was defective in design, production, and/or manufacture in that it failed to conform to the representations and/or warranties as described in Ohio Revised Code §§ 2307.77, 1302.26, and 1302.27, that came with, or should have come with, said product, including, but not limited to, express warranties, implied warranties of merchantability, and/or implied warranty of fitness for a particular purpose.

23. Plaintiff has made reasonable attempts to identify Defendant John Doe Manufacturer Co., Inc. but has been unable to discover its true identity. Defendant John Doe Manufacturer Co., Inc. was the manufacturer of a Spectrum/United Pet brand product known as a Marineland Stealth and Stealth Pro aquarium heater.

24. Plaintiff has made reasonable attempts to identify Defendant John Doe Supplier Co., Inc. but has been unable to discover its true identity. Defendant John Doe Supplier Co., Inc. was the supplier of a Spectrum/United Pet brand product known as a Marineland Stealth and Stealth Pro aquarium heater.

WHEREFORE Plaintiff demands judgment against Defendants, jointly and/or severally, in the amount of $142,483.94, plus statutory interest, plus the costs of this action.

Respectfully submitted,

*/s/ Herbert L. Nussle*

_____
Herbert L. Nussle (0063551)
Patrick J. O'Malley (0064987)
KEIS | GEORGE llp
55 Public Square, #800
Cleveland, Ohio 44113
(216) 241-4100/Fax: (216) 771-3111
hnussle@keisgeorge.com
pomalley@keisgeorge.com
**Attorneys for Plaintiff**